1   MAYER BROWN LLP
    ELIZABETH MANN (SBN 106524)
2   emann@mayerbrown.com
    350 South Grand Avenue, 25th Floor
3   Los Angeles, CA  90071-1503
    Telephone:  (213) 229-9500
4   Facsimile:   (213) 625-0248

5   MAYER BROWN LLP
    STANLEY J. PARZEN (*Admitted Pro Hac Vice*)
6   71 S. Wacker Drive
    Chicago, IL  60606-4637
7   Telephone:  (312) 782-0600

8
    Attorneys for Defendant
9   CROWE HORWATH LLP

```
              FILED
     CLERK, U.S. DISTRICT COURT

        NOV 23 2010
           2:53
     CENTRAL DISTRICT OF CALIFORNIA
     BY                      DEPUTY
```

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13   SUE ANN SIMON, an individual; SUE ANN          Case No.  CV 10   9062-PA
     SIMON TRUST, a California trust,                              ( VBKx)
14
                                                     California State Court Case:  BC 447556
                       Plaintiffs,
15                                                   DEFENDANT CROWE HORWATH LLP'S
          v.                                         NOTICE OF REMOVAL OF ACTION
16                                                   PURSUANT TO 28 U.S.C. § 1441
     GLEN D. HINSHAW, an individual; SHERRY
17   L. HINSHAW, an individual; HINSHAW              (FEDERAL COURT JURISDICTION –
     FINANCIAL GROUP, LLC, an Arizona limited        28 U.S.C. § 1441)
18   liability company; HSL GLOBAL EQUITY,
     LLC, a Delaware limited liability company;
19   HSL FINANCIAL GROUP, LLC, an Arizona
     limited liability company; HSL CAPITAL
20   GROUP LLC, a Delaware limited liability
     company; HSL CAPITAL FUND I, LP, a
21   limited partnership; HSL INCOME
     INVESTMENTS, LLC, a Delaware limited
22   liability company; GLOBAL SWIFT
     FUNDING, LLC, an Arizona limited liability
23   company; FOOT FITTING, LLC, a Arizona
     limited liability company; CHARLES "DOC"
24   LUNDBERG, an individual; TIM IRISH, an
     individual; ARMEN KHACHADOURIAN, an
25   individual; CROWE HORWATH LLP, an
     Illinois limited liability partnership; and DOES
26   1 THROUGH 10, inclusive,

27                     Defendants.

28

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant Crowe Horwath LLP ("Crowe") hereby removes this action from the Superior Court of the State of California in and for the County of Los Angeles. Crowe appears for purposes of removal only and for no other purpose, reserving all defenses and rights available to it. The grounds for removal of the action are as follows:

1.      Defendant Crowe is a professional accounting firm, registered as a limited liability partnership in the state of Indiana. Crowe is one of several defendants named in an action filed in the Superior Court of the State of California in and for the County of Los Angeles, Case No. BC 447556, bearing the above caption. The complaint was filed on October 15, 2010. A true and correct copy of the complaint and the documents served therewith is attached hereto as Exhibit A.

2.      Plaintiffs Sue Ann Simon and the Sue Ann Simon Trust (collectively "Simon") allege that Defendant Glen Hinshaw ("Hinshaw") breached certain obligations owed to Simon by him. Compl. ¶ 75-88.

3.      Plaintiffs also allege that Hinshaw had a connection with Defendant Global Swift Funding LLC ("Global Swift"). Plaintiffs further allege that Defendant Crowe "issued 'a clean bill of health' in the form of an unqualified audit opinion" with respect to Defendant Global Swift at times between December 2007 and December 2009. Compl. ¶ 74.

4.      Plaintiffs assert a number of claims against Crowe and the other Defendants—including negligence, fraud, unjust enrichment, violations of the California Business Code, and (most salient for removal purposes) violations of Section 10b-5, promulgated pursuant to Section 10(b) of the Securities and Exchange Act of 1934. Compl. ¶ 102-05.

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1334 AND 28 U.S.C. § 1452

28837204

**A.      Defendant Crowe has Satisfied the Procedural Requirements For Removal**

5.      This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b).  The undersigned is informed and believes Crowe was served with a copy of the complaint on October 29, 2010.  Other than the complaint and this notice, there has been no other process, pleading, or order filed in this action.

6.      Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1446 (a).

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiffs and is being filed with the Superior Court of the State of California in and for the County of Los Angeles.  Copies of these documents are attached hereto as Exhibits B and C, respectively.

**B.      This Case Is Removable Under Section 1441**

8.      Pursuant to 28 U.S.C. § 1441, claims arising under federal law are removable to the district courts of the United States, which retain original jurisdiction over such claims.  The Securities and Exchange Act of 1934 (the "1934 Act") is a federal statute.  15 U.S.C. § 78a *et seq*.  As such, Plaintiffs' claims under the 1934 Act are removable.  *See, e.g., California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 92 (2nd Cir. 2004) ("Had the Bondholders asserted claims under the 1934 Act, the removal of their claims to federal court would have been uncontroversial, because claims under the 1934 Act are otherwise removable under the general removal provision of 28 U.S.C. § 1441.")

9.      In fact, federal court is the *sole* appropriate forum for Plaintiffs' claims under the 1934 Act.  By statute, "federal courts have exclusive jurisdiction over claims brought pursuant to [S]ection 10(b) of the 1934 Securities Act."  *Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir. 1983); 15 U.S.C. § 78j(b).

1    Moreover, because claims under the 1934 Act are to be brought exclusively in the

2    federal courts, Crowe alone can remove this case.  Unanimity is not required.  *See,*

3    *e.g., Ackerman v. National Property Analysts, Inc.*, No. 92-Civ-0022, 1992 WL

4    84477, *1 (S.D.N.Y. April 10, 1992) ("While unanimous consent of all defendants

5    is usually a precondition to removal, it is not required where the federal courts

6    have exclusive jurisdiction over a cause of action upon which removal is based.")

7         10.    This court also has supplemental jurisdiction over Plaintiffs'

8    remaining state law claims pursuant to 28 U.S.C. § 1367 (a).

9

10        WHEREFORE, Defendant Crowe Horwath LLP respectfully requests that

11   the above-captioned lawsuit, pending in the Superior Court of the State of

12   California in and for the County of Los Angeles, be removed to this court.

13

14   Dated:  November 22, 2010            MAYER BROWN LLP
                                          ELIZABETH MANN
15                                        STANLEY J. PARZEN

16

17                                        By: _____

18                                        Elizabeth Mann
                                          Attorneys for Defendant
19                                        CROWE HORWATH LLP

20

21

22

23

24

25

26

27

28

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §
1334 AND 28 U.S.C. § 1452

28837204

**EXHIBIT A**

 CT Corporation

**Service of Process Transmittal**
10/29/2010
CT Log Number 517521327

TO:    Tom Nesis
       Crowe Horwath LLP
       1 Mid America Plaza, Suite 700
       Oakbrook Terrace, IL 60181-4450

RE:    **Process Served in Delaware**

FOR:   Crowe Horwath LLP (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sue Ann Simon, etc., and Sue Ann Simon Trust, etc., Pltfs. vs. Glen D. Hinshaw, etc., et al. including Crowe Horwath, LLP, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet(s), Attachment, Complaint |
| **COURT/AGENCY:** | Los Angeles County Superior Court, CA Case # BC447556 |
| **NATURE OF ACTION:** | Negligence, Fraud, Unjust Enrichment, Violation of Section 10b-5 of the Securities and Exchange Act, Violation of California Business and Professions Code Section 17200 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/29/2010 postmarked on 10/25/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after service |
| **ATTORNEY(S) / SENDER(S):** | Jarrett A. Green DCDM Law Group 30 N. Raymond Ave., Suite 713 Pasadena, CA 91103 626-689-2407 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/29/2010, Expected Purge Date: 11/03/2010 Image SOP Email Notification, Tom Nesis tom.nesis@crowehorwath.com Email Notification, Stephen Keeley stephen.keeley@crowehorwath.com Email Notification, Catherine Smith catherine.smith@crowehorwath.com |
| **SIGNED:** **PER:** **ADDRESS:** | The Corporation Trust Company Scott LaScala 1209 Orange Street Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COPY
SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Glen D. Hinshaw, an individual; Sherry L. Hinshaw, an individual; et al.
--[Other Defendants see attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sue Ann Simon and Sue Ann Simon Trust

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California

OCT 1 5 2010

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
RUGENA LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso)*<br><br>BC447556 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jarrett A. Green, DCDM Law Group, 30 N. Raymond Ave., Ste. 713, Pasadena, CA 91103, (626) 689-2407

| DATE: October 15, 2010 *(Fecha)* | Clerk, by *(Secretario)* RUGENA LOPEZ | , Deputy *(Adjunto)* |
|---|---|---|

By Fax

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* corporations listed as defendants

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

10/00/2010  13:10:43 FAX 2132499.        NATIONWIDE LEGAL

COPY CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Jarrett A. Green (SBN 237443)
DCDM Law Group
30 N. Raymond Ave., Suite 713
Pasadena, California 91103
TELEPHONE NO.: (626)689-2407        FAX NO.: (626)689-2205
ATTORNEY FOR *(Name):* Plaintiff Sue Ann Simon and Sue Ann Simon Trust

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California

OCT 1 5 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
EUGENA LOPEZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: Stanley Mosk Courthouse
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

**CASE NAME:**
Sue Ann Simon and Sue Ann Trust v Glen D. Hinshaw, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | BC447556 |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[✓] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

By Fax

Date: October 15, 2010
Jarrett A. Green
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

JU/UU/2010 13:10:43 FAX 2132499    NATIONWIDE LEGAL

# COPY

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Sue Ann Simon and Sue Ann Trust v Glen D. Hinshaw, et al. | BC447556 |

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

## By Fax

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3 |

| LACIV 109 (Rev. 01/07) | CIVIL CASE COVER SHEET ADDENDUM | LASC, rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

1/00/2010  13:10:43 FAX 2132499990        NATIONWIDE LEGAL                                    1

**COPY**

CONFORMED COPY
*Superior Court of California*
*County of Los Angeles*

OCT 1 5 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
    RUGENA LOPEZ

JARRETT A. GREEN (SBN 237443)
DHEERAJ K. SINGHAL (SBN 217299)
**DCDM LAW GROUP**
30 N. Raymond Ave., Suite 713
Pasadena, California 91103
Telephone: (626) 689-2407
Facsimile:  (626) 689-2205

*Attorneys for Sue Ann Simon*
*& Sue Ann Simon Trust*

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| SUE ANN SIMON, an individual; SUE ANN SIMON TRUST, a California trust, | Case No.  **BC447556** **By Fax** |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | (1) **BREACH OF CONTRACT;** |
| GLEN D. HINSHAW, an individual; SHERRY L. HINSHAW, an individual; HINSHAW FINANCIAL GROUP, LLC, an Arizona limited liability company; HSL GLOBAL EQUITY, LLC, a Delaware limited liability company; HSL FINANCIAL GROUP, LLC, an Arizona limited liability company; HSL CAPITAL GROUP, LLC, a Delaware limited liability company; HSL CAPITAL FUND I, LP, a limited partnership; HSL INCOME INVESTMENTS, LLC, a Delaware limited liability company; GLOBAL SWIFT FUNDING, LLC, an Arizona limited liability company; FOOT FITTING, LLC, an Arizona limited liability company; CHARLES "DOC" LUNDBERG, an individual; TIM IRISH, an individual; ARMEN KHACHADOURIAN, an individual; CROWE HORWATH, LLP, an Illinois limited liability partnership; and DOES 1 THROUGH 10, inclusive, | (2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| | (3) **BREACH OF FIDUCIARY DUTY;** |
| | (4) **NEGLIGENCE;** |
| | (5) **FRAUD OR DECEIT;** |
| | (6) **UNJUST ENRICHMENT;** |
| | (7) **VIOLATION OF SECTION 10B-5 OF THE SECURITIES AND EXCHANGE ACT; AND** |
| | (8) **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.** |
| Defendants. | |

CIVIL COMPLAINT

1  Hinshaw's illegal acts to purchase items of great value for herself, her family members, her

2  friends and other individuals. Also on information and belief, Mrs. Hinshaw has invested,

3  deposited or otherwise dispersed the proceeds of Hinshaw's illegal acts in a manner that

4  undermines equity and the rights of Ms. Simon.

5      4.    Defendant Hinshaw Financial Group, LLC ("Hinshaw Financial Group") is an

6  Arizona limited liability company. Hinshaw Financial Group's managing member is

7  Hinshaw.

8      5.    Defendant HSL Global Equity, LLC ("HSL Global Equity") is a Delaware

9  limited liability company.

10      6.    Defendant HSL Financial Group, LLC ("HSL Financial Group") is an Arizona

11  limited liability company. HSL Financial Group's managing member is Hinshaw.

12      7.    Defendant HSL Capital Group, LLC ("HSL Capital Group") is a Delaware

13  limited liability company doing business in Arizona. HSL Capital Group's managing

14  member is Hinshaw Financial Group.

15      8.    Defendant HSL Capital Fund I, LP ("HSL Capital Fund") is a limited

16  partnership, whose general partner is located in Maricopa County, Arizona. HSL Capital

17  Fund I's general partner is HSL Capital Group.

18      9.    Defendant HSL Income Investment, LLC ("HSL Income Investment") is a

19  Delaware limited liability company doing business in Arizona. HSL Income Investment's

20  manager is HSL Capital Group.

21      10.    Defendant Global Swift Funding, LLC ("Global Swift") is an Arizona limited

22  liability company.

23      11.    Defendant Foot Fitting LLC ("Foot Fitting") is an Arizona limited liability

24  company.

25      12.    Hinshaw owned and/or controlled each and every one of these entities, and all

26  of these entities are affiliated and interrelated with one another. The defendants identified in

27  paragraphs 2 through 11 are collectively referred to as "Defendants" throughout this

28

                                                          CIVIL COMPLAINT

1   Complaint. The defendants identified in paragraphs 4 through 11 are collectively referred to
2   as the "Hinshaw Entities" throughout this Complaint.

3        13.   Defendant Charles "Doc" Lundberg ("Lundberg") is a resident of Maricopa
4   County, Arizona. In or around August 2007, Lundberg was a 20% owner of both HSL
5   Capital Fund I, LP and HSL Financial Group, LLC (with Hinshaw owning the remaining
6   80%). The senior management of both HSL Capital Fund I, LP and HSL Financial Group
7   LLC consisted of Hinshaw and Lundberg. Throughout the relevant period, Lundberg was
8   Hinshaw's most essential and trusted manager and employee, and acted as an agent and
9   extension of Hinshaw as Hinshaw perpetrated the fraud, breaches of fiduciary duty and
10  other illegal acts outlined in this Complaint. Lundberg had access to and knowledge of the
11  inside information possessed by Hinshaw, which contradicted the affirmative statements
12  being made to Ms. Simon and other investors and/or constituted material facts that were
13  fraudulently or improperly concealed from Ms. Simon and other investors. Lundberg was
14  intricately involved in the execution of many of Hinshaw's illegal acts and made
15  discretionary decisions in connection with those acts. Lundberg derived significant
16  monetary benefits as a result of his own wrongful actions and the wrongful actions of
17  Hinshaw that he facilitated and aided. In short, Lundberg was Hinshaw's most senior
18  manager and "right hand man" in the perpetration of the wrongful acts identified herein.

19       14.   Tim Irish ("Irish") is a resident of Los Angeles County, California and/or San
20  Diego, California, and was the founder of Global Swift Funding LLC ("Global Swift") and
21  the high school friend of Hinshaw. Irish was benefited substantially from Hinshaw's illegal
22  acts, including by way of unjust enrichment, throughout and until approximately August
23  2009, when the business and personal relationship between Hinshaw and Irish broke down.

24       15.   Defendant Armen Khachadourian is a resident of Los Angeles County,
25  California, and is and/or was an employee or officer at Hinshaw Financial Group, LLC, and
26  was one of two Hinshaw Financial Group, LLC representatives to sit on the Global Swift
27  board of directors during the relevant period.

28

CIVIL COMPLAINT

16.     Defendant Crowe Horwath, LLP ("Crowe Horwath") is an Illinois limited liability partnership that conducts substantial business in Los Angeles, County, and has an office in Los Angeles County, California. The Los Angeles, California office of Crowe Horwath audited Global Swift's consolidated financial statements for the years ended December 31, 2007, December 31, 2008 and December 31, 2009.

17.     The defendants identified in paragraphs 13 through 16 are collectively referred to as the "Additional Defendants" throughout this Complaint.

18.     The true names of the defendants sued herein as Does 1-10 are not known to Ms. Simon at this time. Such defendants are other persons or business entities who are responsible for the conduct alleged herein and who are liable to Ms. Simon as a result thereof. Ms. Simon will seek leave of Court to amend the Complaint to set forth their true names and capacities when this information is ascertained.

## JURISDICTION AND VENUE

19.     This is a civil action arising under California's statutory and common law.

20.     This Court has personal jurisdiction over Hinshaw because he transacts substantial business in Los Angeles County, California. Moreover, the entire investment relationship at issue in this lawsuit was created and formed in Los Angeles County, California.

21.     This Court has personal jurisdiction over Armen Khachadourian because he is a resident of Los Angeles County, California.

22.     This Court has personal jurisdiction over Crowe Horwath because it has an office in Los Angeles County, California, including the office that audited Global Swift's consolidated financial statements, and because it transacts substantial business in Los Angeles County, California.

23.     Venue is proper in this Court because the Investment Management Agreement (the "Agreement") at issue in this case was entered into and fraudulently induced in Los

1  Angeles County, California and because the victim of the massive fraud at issue, Ms. Simon,
2  resides within Los Angeles County, California.

3  **ALLEGATIONS**

4  **Hinshaw Obtains Control Of Ms. Simon's Account**

5       24.   In early 2006, Ms. Simon was put into contact with Hinshaw about transferring
6  her investment account over to Hinshaw.

7       25.   At the time, Ms. Simon was a 66 year-old unmarried woman who was living
8  alone. Although from modest upbringings, Ms. Simon worked as a real estate agent and
9  methodically and diligently saved her money for 35 years. In approximately 2005, Ms.
10 Simon's account exceeded the $1,000,000 threshold and she was technically a "millionaire,"
11 which was beyond even the wildest dreams she ever had throughout her life.

12       26.   Ms. Simon is a hard-working, warm-hearted and trusting person. She spent
13 nearly four decades saving every possible penny, and when she found herself with a million
14 dollars to her name, she truly could not believe it.

15       27.   She began asking around, and was repeatedly told that a person with that
16 amount of savings must hire a professional to manage the money, so as to grow the funds
17 even greater or, at the very least, to ensure the funds are not depleted over time. Ms. Simon
18 was scared of the idea of "investing" her life savings, because she knew nothing about
19 investments.

20       28.   After hearing of Hinshaw, who lived in Arizona, Ms. Simon contacted him by
21 telephone. Hinshaw asked Ms. Simon questions about the size of her holdings, her age, her
22 profession, her familial status, her investment experience, etc. After gathering the
23 preliminary information, including the fact that Ms. Simon had over $1,000,000 in holdings,
24 Hinshaw offered to fly directly to Los Angeles to meet her in person.

25       29.   Ms. Simon was impressed and grateful that Hinshaw would be willing to fly
26 directly to Los Angeles to meet with her as soon as possible. Of course, she did not realize
27 that Hinshaw was not operating from a place of altruism; Hinshaw saw dollar signs, and
28 realized that he was speaking to an unmarried, elderly woman with over a million dollars and

-5-                                    CIVIL COMPLAINT

1   virtually <u>zero</u> investment experience. He did not hesitate to make his way to Los Angeles as
2   soon as possible.

3        30.    On approximately February 10, 2006, Hinshaw met with Ms. Simon in person
4   in Los Angeles County, California and presented her with an Investment Management
5   Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto
6   as Exhibit A.

7        31.    Having no real experience in securities or investments, and lacking legal
8   acumen and experience, Ms. Simon comprehended virtually none of its contents. Hinshaw
9   talked quickly and did not explain what the terms meant in a way that she could understand
10  them. After flipping through the five-page single-spaced, form document quickly, Hinshaw
11  directed Ms. Simon to sign it. Ms. Simon did as he asked. Hinshaw did not suggest that Ms.
12  Simon take the document home with her and read it over at her leisure. Nor did he suggest
13  that she bring the document to a trusted source, such as her accountant or lawyer, in order to
14  review its contents. At no point did Hinshaw suggest that Ms. Simon could negotiate the
15  terms or modify the Agreement in any way. Instead, he handed her this previously created,
16  standardized form for her to sign.

17       32.    Although she signed the document, Ms. Simon did not comprehend it – and
18  Hinshaw never asked her if she understood the terms. He appeared to just want her to sign it
19  as soon as possible, so he could move on. Hinshaw got exactly what he wanted.

20       33.    The Agreement created a "Discretionary Account" between Ms. Simon and
21  Hinshaw. Hinshaw therefore had the supposed authority to execute transactions on Ms.
22  Simon's behalf without obtaining her prior approval.

23       34.    The Agreement included absurd and unfair terms, including Section 17, which
24  gave Hinshaw and HSL Financial Group the "right" to modify or rescind any of its
25  provisions or add new provisions. Shockingly, such an amendment could be made
26  unilaterally by Hinshaw and did <u>not</u> require Ms. Simon's approval or consent. In fact, any
27  modification, alteration, amendment or change to the Agreement would be effective 30 days
28  after Hinshaw notified Ms. Simon in writing of the change. Thus, the Agreement gave

CIVIL COMPLAINT

1  Hinshaw the right and authority to unilaterally modify the essential terms of the Agreement
2  *at any time* without even involving Ms. Simon. Ms. Simon, of course, did not comprehend
3  this provision.

4      35.     Another provision she did not comprehend is the arbitration provision, which is
5  buried in non-conspicuous font in Section 20 of the Agreement. None of the contents of this
6  provision are bolded, underlined, italicized, written in all capital letters, or even set apart
7  from the other provisions. Thus, the visual appearance of the arbitration provision is
8  *identical* to all of the other provisions of the Agreement. There is not a single factor that
9  distinguishes it from the other provisions or that called Ms. Simon's attention to it. Hinshaw
10 at no time explained what this provision meant, or what it entailed. Unsurprisingly, Ms.
11 Simon did not comprehend it. She certainly did not understand that if there was some
12 dispute down the road, she would supposedly be prohibited from using the court system; she
13 would supposedly be required to travel to Arizona and pursue her claim in arbitration; and
14 she would supposedly be required to front the entirety of the exorbitant fees and costs
15 created by arbitration, including an approximately $12,000 initial filing fee. This arbitration
16 provision – and the effects of this provision – were not comprehensible to Ms. Simon, and
17 Hinshaw did nothing to help her understand it. Indeed, he chose not to discuss this provision
18 with her, or even mention it once during their meeting.

19     36.     Because the disclosure of the arbitration provision was deficient and
20 inadequate, as a matter of law, it is unenforceable. Further, the arbitration provision is
21 unenforceable because it is unconscionable and unduly one-sided and harsh. Further still,
22 because the arbitration provision would require Ms. Simon to engage in private arbitration
23 that would be prohibitively expensive for her – based on her individualized economic
24 circumstances, the arbitration provision is unenforceable under well-established principles of
25 California law. In light of these various factors, Ms. Simon filed this action in this court of
26 law, rather than in arbitration.

27     37.     Hinshaw knew or must have known that a 66 year-old woman who has
28 essentially no investment experience and who has never been involved in a litigation in her

1  entire life would not comprehend this provisions and many of the other provisions. But he
2  did not care.

3      38.    Ms. Simon walked away from her meeting with Hinshaw not comprehending
4  the details of what had occurred, other than the fact that she and Hinshaw had entered an
5  Agreement in which Hinshaw had promised to monitor, control and protect her account.

6      39.    At that moment, Ms. Simon had no idea that her life was about to be flipped
7  upside down.

8  ## Hinshaw Invests Nearly 100% Of Ms. Simon's Life Savings Into His *Own* Company, Which Was Failing

9      40.    Shockingly, in just four transactions, Hinshaw invested nearly 100 percent of
10  Ms. Simon's life savings into his <u>own</u> company – a company which was on the verge of
11  complete failure.

12      41.    When she came into contact with Hinshaw, Ms. Simon's life savings were
13  extremely well diversified. Indeed, in early 2006, Ms. Simon's portfolio was diversified
14  across 24 different investment products. And approximately $300,000 of her holdings were
15  in United States treasuries. Hinshaw would completely unravel Ms. Simon's diversified and
16  balanced portfolio.

17      42.    After investing $120,000 of Ms. Simon's assets into Foot Fitting LLC ("Foot
18  Fitting") in the form of a promissory note on approximately October 10, 2006, and
19  liquidating $500,000 of Ms. Simon's pre-existing holdings in early March 2007, Hinshaw
20  approached Ms. Simon and informed her that he had found "the investment of a lifetime" for
21  her. Hinshaw represented to Ms. Simon that she will receive a *guaranteed* 15% interest from
22  this "amazing" investment, and told her if she was unsatisfied at any time, or would like to
23  shift her money elsewhere for any reason, she could do so. Ms. Simon could not say no to
24  this seemingly incredible opportunity.

25      43.    After providing Ms. Simon with a Private Placement Memorandum that was
26  incomprehensible to her and inducing her to sign an approval based on the "guaranteed" 15
27  percent interest rate offered by this investment, Hinshaw transferred $500,000 of Ms.
28  Simon's funds into a limited liability partnership, HSL Capital Fund, of which Hinshaw,

-8-

1   himself, was the General Partner. HSL Capital Fund then invested this $500,000 into Global

2   Swift, a limited liability company where Hinshaw served as Chairman of the Board.

3       44.    Then, on approximately June 13, 2007, Hinshaw transferred another $300,000

4   of Ms. Simon's funds into HSL Capital Fund, which again invested this money into Global

5   Swift.

6       45.    Subsequently, in approximately late January 2008, Hinshaw transferred

7   another $250,000 of Ms. Simon's funds into HSL Capital Fund, which again invested this

8   money into Global Swift.

9       46.    Therefore, in just eight months, from June 2007 through January 2008,

10  Hinshaw, as Ms. Simon's "advisor," had completely liquidated Ms. Simon's diversified

11  portfolio and invested $1,050,000 of her funds into his own limited liability partnership,

12  which in turn, invested this money into Global Swift, a limited liability company that

13  Hinshaw personally owned and operated.

14      47.    It is nearly impossible to even imagine a more egregious example of self-

15  dealing and conflict-of-interest on the part of an investment advisor. Hinshaw shifted Ms.

16  Simon's money out of her diversified products and instead invested them all into his own

17  company. To say that Hinshaw's actions were plagued by a "conflict of interest" would be a

18  gross understatement. Thus, Hinshaw significantly breached his fiduciary duty of loyalty, by

19  investing Ms. Simon's money into a transaction with the express intent of directly benefiting

20  himself and in a manner that constituted self-dealing, as a matter of law. By prioritizing his

21  own financial interests above those of his client, Ms. Simon, Hinshaw breached his fiduciary

22  duty.

23      48.    To make matters worse, Hinshaw not only shifted Ms. Simon's money into a

24  company that he personally operated, but he shifted virtually 100 percent of her money into

25  this company. Thus, Hinshaw violated his plain fiduciary duty to ensure that Ms. Simon's

26  funds were invested in a diversified manner. (Interestingly, the other $120,000 was invested

27  in Foot Fitting – anther company that Hinshaw owned and operated.)

28

-9-                                    CIVIL COMPLAINT

49.     And to make matters even worse still, Hinshaw chose not only to invest virtually 100% of Ms. Simon's funds into his own company, but the particular company he chose was blatantly unsuitable. Indeed, Global Swift was failing miserably and was a proverbial ticking time bomb, inching towards an inevitable economic explosion. Shortly after Ms. Simon's money was completely tied up in Global Swift, she would stop receiving even a penny in interest payments and in September 2010, she would receive notice that Global Swift had financially collapsed and had squandered the entirety of her investment. (Foot Fitting has also fallen into economic despair and is in receivership with a sale pending free and clear of all liens, with the amount of debt far exceeding the proceeds of the sale. Accordingly, Ms. Simon's $120,000 investment in Foot Fitting has also disappeared.)

50.     Thus, in just an eight month period, Hinshaw took $1,050,000 in Ms. Simon's funds (which was her entire life savings and virtually every dollar she owned), **and invested 100% of it into a company controlled by Hinshaw that was on the verge of financial ruin.**

51.     Hinshaw's actions constitute a uniquely vicious breach of fiduciary duty, as Hinshaw managed to simultaneously violate all three of the most critical duties he possessed: (1) the duty to diversify a client's portfolio; (2) the duty to invest in suitable investments; and (3) the duty to act loyally to one's client and not make investment decisions that prioritize one's own financial well-being over that of the client.

52.     Delaware corporate law has long referred to the "triad of fiduciary duties" recognized by the law. Hinshaw has apparently trademarked the "triad of fiduciary duty violations." While any one of these three serious breaches of fiduciary duty would, alone, justify a full recovery by Ms. Simon of her investment losses, Hinshaw's simultaneous breach of three distinguishable fiduciary duties conclusively demonstrate Hinshaw's heinous, willful, fraudulent and malicious intent.

53.     Ms. Simon's life has been completely devastated by Hinshaw's terrible and illegal actions. Only recently she was an elderly woman entering her "golden years" with over one million dollars in her bank account, with a life of retirement and relaxation finally

1  arriving. Now, after having met Hinshaw, Ms. Simon is a 70 year-old unmarried woman

2  who lost her entire life savings and who can barely afford to pay her monthly rent.

3  Moreover, as an elderly real estate agent whose only hope at earning a minimal livelihood is

4  through the currently depleted real estate market, Ms. Simon's financial condition is tragic,

5  at best.

6      54.    As a direct result of Hinshaw's wildly illegal and fraudulent actions, and the

7  loss of her entire life savings, Ms. Simon has also suffered severe and debilitating emotional

8  and mental injuries. Hinshaw not only left Ms. Simon financially ravaged, but emotionally

9  shattered.

10     55.    Hinshaw's actions are precisely the sort of egregious, malicious, bad faith and

11  fraudulent violations of law that not only justify punitive damages, but justify the maximum

12  punitive damages permitted by law.

13  **Hinshaw's Additional Wrongful Acts And Clear Evidence Of Malicious Intent**

14     56.    Numerous additional facts exist that render Hinshaw additionally liable and

15  that further illuminate the malicious, bad faith and fraudulent intent that Hinshaw possessed

16  at the time he defrauded Ms. Simon and egregiously breached the fiduciary duties he owed

17  her.

18     57.    Hinshaw expressly inquired and confirmed that Ms. Simon knew *nothing* about

19  investing or securities. Indeed, at the time the two began their business relationship,

20  Hinshaw had Ms. Simon complete an "Investment Questionnaire." One of the questions in

21  the questionnaire stated the following: "Describe briefly any other background in business

22  (particularly in the securities business), economics, finance, accounting, taxation, law,

23  investing or related fields (include any relevant educations experience) that demonstrates

24  investment sophistication:" In response to this question, Ms. Simon literally left the space

25  for a response completely blank. She clearly did not have any background, education or

26  experience whatsoever in any of the categories listed. It was therefore abundantly clear,

27  from Hinshaw's own questionnaire, that Ms. Simon had zero investment knowledge or

28  experience. In other questions in his questionnaire, Hinshaw learned that Ms. Simon was

-11-

1  unmarried and had no "co-investors." Hence, Hinshaw's questionnaire plainly revealed to
2  him that Ms. Simon was an unmarried woman with over one million dollars in funds, no co-
3  investors, and zero investment knowledge or experience. She was the perfect prey. And
4  Hinshaw exploited her.

5      58.   Furthermore, Hinshaw could not have selected a *more* unsuitable investment,
6  in light of Ms. Simon's individualized economic and personal circumstances. As a single
7  elderly woman nearing retirement with over one million dollars in her account, Ms. Simon's
8  obvious financial interests demanded that Hinshaw invest her funds in conservative, low-risk
9  products with the goal of preserving the capital and generating sufficient income to cover her
10  costs of living. Instead, Hinshaw took the exact opposing approach: he invested her entire
11  life savings in a high-risk product with the apparent goal of maximal growth.

12      59.   Hinshaw's wild and manipulative disregard for the only investment strategy
13  that was appropriate for an individual standing in Ms. Simon's shoes is strong evidence of
14  Hinshaw's malicious and fraudulent intent. Indeed, it is simply unfathomable that a licensed
15  investment advisor would believe – in good faith – that investing virtually 100% of an
16  elderly individual's holdings into a single speculative and risky, private limited liability
17  company was in her "best financial interests." Hinshaw's investment decision was so absurd
18  on its face, particularly when considering that he funneled Ms. Simon's entire life savings
19  into his own company, that it cannot be the result of anything but fraud and malice.

20      60.   Another fact supporting Hinshaw's willful and bad faith intent was the fact that
21  he personally borrowed $500,000 from Ms. Simon, an act that plainly violates Arizona's
22  Investment Management Act's prohibition against borrowing money from clients. As a
23  licensed investment advisor, Hinshaw knew that borrowing a half a million dollars from a
24  client was a wild violation of his ethical duties and of Arizona statutory law. Hinshaw
25  clearly did not care how illegal and unethical his actions were, so long as they benefited him.

26      61.   In order to originally induce Ms. Simon into agreeing to the investment,
27  Hinshaw made blatantly false representations, including that the investment would yield a
28  "guaranteed" 15% interest payment, and that if she ever wanted to change her mind, Ms.

-12-                                CIVIL COMPLAINT

1 | Simon could cancel her investment and retain her money. Hinshaw made both of these
2 | statements in the weeks leading to Ms. Simon's approval of the investment and, again, at the
3 | time Hinshaw requested her written approval. Of course, both of these statements were false
4 | on their face. (Indeed, not only did the "guaranteed" 15% interest never materialize, but
5 | furthermore, when Ms. Simon later demanded (on May 12, 2009) that Hinshaw cancel her
6 | investment and return all of her funds, Hinshaw refused to do so.) Ms. Simon reasonably
7 | and detrimentally relied on Hinshaw's false statements, and was fraudulently induced into
8 | going forward with the investment. But for Hinshaw's false representations, Ms. Simon
9 | would not have "approved" the investment.

10 |     62.    Apart from issuing these plainly false affirmative statements, Hinshaw
11 | simultaneously failed to disclose the downside risk of the investment. Hinshaw further failed
12 | to provide to Ms. Simon necessary and appropriate financial statements and other
13 | information regarding Global Swift that would allow her, or any other reasonable client or
14 | investor, to make an informed decision of the prudence of the investment. By willfully and
15 | deliberately keeping Ms. Simon "in the dark" and withholding from her critical information
16 | that was material to her investment analysis, Hinshaw committed fraud and furthered his
17 | fraudulent scheme.

18 |     63.    Throughout the investment advisory relationship, Hinshaw collected a
19 | management fee, which is particularly troubling because Hinshaw had invested Ms. Simon
20 | into illiquid investments, despite his fraudulent representations to the contrary. Because the
21 | investments were illiquid and could not be modified, one can only wonder why Hinshaw
22 | decided to continually collect a management fee. This is additional evidence of Hinshaw's
23 | bad faith and willful desire to raid Ms. Simon's funds in every conceivable way. Indeed,
24 | Hinshaw must have known that it is entirely inappropriate and illegal for an advisor to
25 | collect a management fee on fixed and illiquid investments that are not capable of being
26 | "managed."

27 |     64.    Even more egregious and indicative of Hinshaw's malicious and fraudulent
28 | intent was his decision throughout the relevant period to collect the 20% fee on all "profits"

CIVIL COMPLAINT

1    of his investment subsidiaries, including Global Swift. The Private Placement Offering

2    Memorandum clearly permitted Hinshaw to collect 20% of "profits" – and only "profits" –

3    that were earned from the investment subsidiaries. Stunningly, Hinshaw decided to collect

4    his 20% fee – which amounted to over *one million dollars* in personal income, despite the

5    fact that his investment subsidiaries were in the red. That is, despite that he *knew with*

6    *certainty* there were no "profits" whatsoever, Hinshaw nevertheless took a 20% fee. Again,

7    this was a blatant act of fraud, deception and bad faith.

8        65.    Hinshaw blatantly breached his duties and committed fraud in connection with

9    the Foot Fitting Promissory Note. Not only did Hinshaw fail to make the mandatory interest

10    payments just *one month* into the agreement, but upon demand to return all unpaid principal

11    upon this breach, as called for by the Promissory Note, Hinshaw failed to comply and

12    refused to return the funds. This egregious breach of the plain terms of the contract further

13    reveals Hinshaw's bad faith. Moreover, also in plain violation of the terms of the

14    Promissory Note, and in a manner that constitutes fraud as a matter of law, Hinshaw

15    wrongfully converted Ms. Simon's principal into equity without obtaining her written or oral

16    approval.

17                          **The Corporate Veil Has Been Pierced**

18        66.    Hinshaw is liable for the violations committed by the Hinshaw Entities, and the

19    Hinshaw Entities are liable for the violations of law committed by Hinshaw.

20        67.    Many of the Hinshaw Entities share a unity of interest, and Hinshaw has

21    allowed several of these entities to be under-capitalized and to co-mingle funds with one

22    another, such that upholding the distinction between these various corporate identities would

23    promote injustice or sanction fraud.

24        68.    Consequently, the corporate veil between each of these various Hinshaw

25    Entities, as well as between any of the Hinshaw Entities and Hinshaw himself, must be

26    pierced as a matter of law. As such, to the extent that any one of the Hinshaw Entities is

27    unable or unwilling to pay the judgment entered by this Court, Ms. Simon shall have the

28    right to pursue payment from or attach the assets of any other Hinshaw Entity.

         CIVIL COMPLAINT

**Each Of The Additional Defendants Were Directly Involved In And Derived Substantial Benefit From Hinshaw's Wrongful And Illegal Acts**

69.     In or around August 2007, Lundberg was a 20% owner of both HSL Capital Fund and HSL Financial Group (with Hinshaw owning the remaining 80%).  The senior management of both HSL Capital Fund and HSL Financial Group consisted of Hinshaw and Lundberg.  Throughout the relevant period, Lundberg was Hinshaw's most essential and trusted manager and employee, and acted as an agent and extension of Hinshaw as Hinshaw perpetrated the fraud, breaches of fiduciary duty and other illegal acts outlined in this Complaint.

70.     Lundberg had access to and knowledge of the inside information possessed by Hinshaw, which contradicted the affirmative statements being made to Ms. Simon and other investors and/or constituted material facts that were fraudulently or improperly concealed from Ms. Simon and other investors.  Lundberg was intricately involved in the execution of many of Hinshaw's illegal acts and made discretionary decisions in connection with those acts.

71.     As a result of his direct involvement in and furtherance of Hinshaw's widespread illegal acts, Lundberg has derived significant monetary benefits.  As such, he is liable to Ms. Simon for the various damages she has incurred, which he proximately caused by aiding Hinshaw in the perpetration of his wrongful conduct.

72.     Irish is the founder of Global Swift and a high school friend of Hinshaw.  Irish has benefited substantially from Hinshaw's illegal acts, as he has received direct and inequitable financial benefits as a result of Hinshaw's widespread illegal acts in improperly funneling Ms. Simon's funds to Global Swift.  Moreover, Irish received widespread side benefits and other improper benefits resulting from Hinshaw's longstanding personal and favorable relationship with him, including but not limited to leasing office space to some of Hinshaw's Entities for a lease price of up to four times the fair market value of the office space.

1        73.    Khachadourian is and/or was an employee or officer at Hinshaw Financial

2    Group and was one of two Hinshaw Financial Group, LLC representatives to sit on the

3    Global Swift board of directors during the relevant period.  As such, Khachadourian had

4    access to internal corporate records and knew, or should have known, of the fraud being

5    perpetrated upon the many Global Swift investors, including Ms. Simon.  Khachadourian

6    widely and wrongfully benefited from his position and actions, including by receiving

7    directors fees, bonuses, equity and other financial benefits during the relevant period.

8        74.    Crowe Horwath audited Global Swift's consolidated financial statements for

9    the years ended December 31, 2007, December 31, 2008 and December 31, 2009.

10   Notwithstanding that Global Swift was a ticking time bomb that was on the verge of

11   financial collapse – and severely understated loan loss reserves in violation of Generally

12   Accepted Accounting Principles ("GAAP"), materially understated expenses in violation of

13   GAAP, issued economic forecasts that were not supported by any reasonable grounds in

14   violation of GAAP, and made various other statements in violation of GAAP, Crowe

15   Horwath sat idly by and issued a "clean bill of health" in the form of an unqualified audit

16   opinion, all while collecting its exorbitant auditing fees from Hinshaw and the Hinshaw

17   Entities over the years, and continuing to be retained.  Unsurprisingly, just a few months

18   after Crowe Horwath issued its "unqualified" audit opinion for the year ended December 31,

19   2009, Global Swift announced that it had economically collapsed.[2]  Clearly Crowe Horwath

20   committed extreme recklessness and/or gross negligence, which allowed Hinshaw and the

21   Hinshaw Entities to continue their fraudulent scheme.

22

23                                **FIRST CAUSE OF ACTION**
                              **For Breach of Contract**
24             **(Against Hinshaw, Hinshaw Entities and Lundberg)**

25

26   [2]  Crowe Horwath's unqualified audit opinion for the year ended December 31, 2009
included two negligible exceptions relating to (i) Global Swift's nonconsolidation of Global
27   Swift Factoring, Inc. and (ii) the fact that Global Swift did not evaluate its relationship with
Autim Investments, LLC.  These two exceptions have no bearing on the significant GAAP
28   violations raised by this Complaint.  Indeed, Crowe Horwath issued an "unqualified" audit
opinion with respect to every other component of Global Swift's financial statements.

CIVIL COMPLAINT

75.     Ms. Simon realleges and incorporates herein by this reference, paragraphs 1 through 74 of this Complaint as set forth above.

76.     The parties entered into the Agreement, and the agreed upon consideration was mutual, fair and reasonable.

77.     Ms. Simon has performed all conditions, covenants and promises required of her by the Agreement.

78.     Notwithstanding Ms. Simon's performance, Defendants have breached the Agreement by failing to offer meaningful investment advisory services since the inception of the Agreement.

79.     As a result of Defendants' breach of the Agreement, Ms. Simon has incurred substantial damages.

## SECOND CAUSE OF ACTION
### For Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against Hinshaw, Hinshaw Entities and Lundberg)

80.     Ms. Simon realleges and incorporates herein by this reference, paragraphs 1 through 79 of this Complaint as set forth above.

81.     Ms. Simon has performed all conditions, covenants and promises required of her by the Agreement.

82.     By failing to provide Ms. Simon with meaningful investment advisory services, and by virtue of its various inactions and bad faith conduct along the way, Defendants have interfered with Ms. Simon's right to receive the full benefits of the Agreement.

83.     By depriving Ms. Simon of the right to receive the full benefits of the Agreement, Defendants have caused Ms. Simon to incur substantial damages to be remedied at law.

## THIRD CAUSE OF ACTION
### For Breach of Fiduciary Duty
### (Against Hinshaw, Hinshaw Entities and Lundberg)

CIVIL COMPLAINT

1    84.    Ms. Simon realleges and incorporates herein by this reference, paragraphs 1
2  through 83 of this Complaint as set forth above.

3    85.    As an investment advisor and related entities, Defendants owed Ms. Simon a
4  full spectrum of fiduciary duties.

5    86.    As an elderly, unsophisticated individual with no investment experience or
6  knowledge whatsoever, Defendants owed Ms. Simon a heightened fiduciary duty.

7    87.    By virtue of the various specific inactions and actions alleged above,
8  Defendants have significantly breached their fiduciary duties.

9    88.    In breaching their fiduciary duties, Defendants have caused Ms. Simon to incur
10  substantial damages to be remedied at law.

11

12              **FOURTH CAUSE OF ACTION**
13                      **Negligence**
                **(Against All Defendants)**
14

15    89.    Ms. Simon realleges and incorporates herein by this reference, paragraphs 1
16  through 88 of this Complaint as set forth above.

17    90.    As an investment advisor and related entities, Defendants owed Ms. Simon, an
18  elderly individual and inexperienced investor, a duty as her fiduciaries.

19    91.    By virtue of the various specific inactions and actions alleged above,
20  Defendants have treated Ms. Simon with extreme negligence.

21    92.    As a direct and proximate result of Defendants' negligence, Ms. Simon has
22  suffered substantial damages in the form of financial loss.

23

24               **FIFTH CAUSE OF ACTION**
25                    **Fraud or Deceit**
                **(Against All Defendants)**
26

27    93.    Ms. Simon realleges and incorporates herein by this reference, paragraphs 1
28  through 92 of this Complaint as set forth above.

94.     Hinshaw and his related entities made the false and misleading statements above, and knew or recklessly disregarded the falsity of their statements when they were issued, and had the intent of inducing Ms. Simon into moving forward with the investment and continuing to invest additional funds based on the misrepresentations.

95.     Ms. Simon reasonably and detrimentally relied upon Defendant's false representation by transferring her investment portfolio over to their care. Had Defendants not made this false representation, Ms. Simon would not have transferred her portfolio over to Defendants or approved the Global Swift investment.

96.     As a result thereof, Ms. Simon incurred substantial damages.

### SIXTH CAUSE OF ACTION
### Unjust Enrichment or Quantum Meruit or Restitution
### (Against All Defendants)

97.     Ms. Simon realleges and incorporates herein by this reference, paragraphs 1 through 96 of this Complaint as set forth above.

98.     Hinshaw and the Hinshaw Entities received a valuable benefit in the form of Ms. Simon's significant monetary investments. Moreover, Mrs. Hinshaw, Lundberg, Irish and Khachadourian all directly benefited from Hinshaw's and the Hinshaw Entities' receipt of Ms. Simon's monetary investments, as identified above. Lastly, Crowe Horwath received a valuable benefit in the form of the substantial professional fees it received from Hinshaw and the Hinshaw Entities, and in the form of its continued retention over the years.

99.     Despite voluntarily receiving these valuable benefits, Defendants have not paid the reasonable value associated with these benefits.

100.    It would be unjust and inequitable to allow Defendants to retain these benefits without paying the reasonable value of the benefits.

101.    As such, Ms. Simon is entitled to recover the reasonable value of the benefits Defendants received in connection with her substantial monetary investments. .

-19-

## SEVENTH CAUSE OF ACTION
### Violation of Section 10b-5 of the Securities and Exchange Act
### (Against All Defendants)

102.   Ms. Simon realleges and incorporates herein by this reference, paragraphs 1 through 101 of this Complaint as set forth above.

103.   Hinshaw and his related entities made the false and misleading statements above, and knew or recklessly disregarded the falsity of their statements when they were issued, and had the intent of inducing Ms. Simon into moving forward with the investment and continuing to invest additional funds based on the misrepresentations.

104.   Ms. Simon reasonably and detrimentally relied upon Defendant's false representation by transferring her investment portfolio over to their care.  Had Defendants not made this false representation, Ms. Simon would not have transferred her portfolio over to Defendants or approved the Global Swift investment.

105.   As a result thereof, Ms. Simon incurred substantial damages.

## EIGHTH CAUSE OF ACTION
### Violation of California Business and Professions Code Section 17200
### (Against All Defendants)

106.   Ms. Simon realleges and incorporates herein by this reference, paragraphs 1 through 105 of this Complaint as set forth above.

107.   Based on the various unlawful and unfair business practices and acts committed by Defendants, as outlined throughout this Complaint and in the Causes of Action above, Defendants have violated California Business and Professions Code Section 17200.

108.   Because Ms. Simon was an elderly individual when victimized by the unfair business practices at issue, she is entitled to treble damages under Section 17200.

109.   As a result of their wide array of unlawful and unfair business practices and acts, Ms. Simon has suffered substantial damages to be remedied at law.

CIVIL COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Ms. Simon prays for judgment and relief against Defendants as follows:

     (A)    For compensatory damages that resulted from Defendants' violations of law, as proved at trial and in an amount not less than $1,170,000 (i.e., $1,050,000, based on Ms. Simon's lost investment in Global Swift, and $120,000, based on Ms. Simon's lost investment in Foot Fitting);

     (B)    For consequential damages that proximately flowed from Defendants' violations of law;

     (C)    For punitive damages based on Defendants' willful, malicious and fraudulent conduct;

     (D)    For costs and fees incurred by Ms. Simon in commencing and prosecuting this lawsuit, including reasonable attorney's fees; and

     (E)    For any and all other remedies that the Court believes are equitable and just.

Dated: October 15, 2010               DCDM LAW GROUP

                                      By:    /s/ Jarrett A. Green
                                              Jarrett A. Green

                                      *Attorneys for Sue Ann Simon &*
                                      *Sue Ann Simon Trust*

CIVIL COMPLAINT



U.S. POSTAGE
PAID
PASADENA, CA
OCT 01 '10
AMOUNT
$6.83
00035906-06

19801

1000

UNITED STATES POSTAL SERVICE

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7010 1060 0000 7940 4278

**DCDM LAW GROUP**
30 N. RAYMOND AVENUE, SUITE 719
PASADENA, CA 91103
www.dcdmlawgroup.com

CROWE HORWATH LLP
C/O THE CORPORATION TRUST CO.
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

*Via Certified – Return Receipt*

**EXHIBIT B**

1    MAYER BROWN LLP
     ELIZABETH MANN (SBN 106524)
2    emann@mayerbrown.com
     350 South Grand Avenue, 25th Floor
3    Los Angeles, CA  90071-1503
     Telephone:  (213) 229-9500
4    Facsimile:  (213) 625-0248

5    MAYER BROWN LLP
     STANLEY J. PARZEN (*Admitted Pro Hac Vice*)
6    71 S. Wacker Drive
     Chicago, IL  60606-4637
7    Telephone:  (312) 782-0600

8
     Attorneys for Defendant
9    CROWE HORWATH LLP

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **COUNTY OF LOS ANGELES**

12

13   SUE ANN SIMON, an individual; SUE ANN       Case No. BC 447556
     SIMON TRUST, a California trust,
14                                                DEFENDANT CROWE HORWATH LLP'S
                            Plaintiffs,           NOTICE TO PLAINTIFF OF FILING OF
15                                                NOTICE OF REMOVAL OF ACTION
                     v.                           PURSUANT TO 28 U.S.C. § 1441
16
     GLEN D. HINSHAW, an individual; SHERRY       (FEDERAL COURT JURISDICTION –
17   L. HINSHAW, an individual; HINSHAW           28 U.S.C. § 1441)
     FINANCIAL GROUP, LLC, an Arizona limited
18   liability company; HSL GLOBAL EQUITY,
     LLC, a Delaware limited liability company;
19   HSL FINANCIAL GROUP, LLC, an Arizona
     limited liability company; HSL CAPITAL
20   GROUP LLC, a Delaware limited liability
     company; HSL CAPITAL FUND I, LP, a
21   limited partnership; HSL INCOME
     INVESTMENTS, LLC, a Delaware limited
22   liability company; GLOBAL SWIFT
     FUNDING, LLC, an Arizona limited liability
23   company; FOOT FITTING, LLC, a Arizona
     limited liability company; CHARLES "DOC"
24   LUNDBERG, an individual; TIM IRISH, an
     individual; ARMEN KHACHADOURIAN, an
25   individual; CROWE HORWATH LLP, an
     Illinois limited liability partnership; and DOES
26   1 THROUGH 10, inclusive,

27                          Defendants.

28

---

DEFENDANT CROWE HORWATH LLP'S NOTICE TO PLAINTIFF OF FILING NOTICE OF REMOVAL;
                                                                    CASE NO. BC 447556

28837215

1    TO PLAINTIFFS SUE ANN SIMON AND SUE ANN SIMON TRUST

2  AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), on

4  November 23, 2010, defendant Crowe Horwath LLP filed a Notice of Removal of

5  Action Pursuant to U.S.C. § 1441 (Federal Court Jurisdiction – 28 U.S.C. § 1441)

6  in the United States District Court for the Central District of California, Western

7  Division.

8        A true and correct copy of the Notice of Removal (without exhibits) is

9  attached as Exhibit A and incorporated by reference.

10

11  Dated:  November 23, 2010               MAYER BROWN LLP
                                           ELIZABETH MANN
12                                         STANLEY J. PARZEN

13

14                                         By: _____

15                                         Elizabeth Mann
                                           Attorneys for Defendant
16                                         CROWE HORWATH LLP

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CROWE HORWATH LLP'S NOTICE TO PLAINTIFF OF FILING NOTICE OF REMOVAL;
                                           CASE NO. BC 447556

28837215

**EXHIBIT A**

1   MAYER BROWN LLP
    ELIZABETH MANN (SBN 106524)
2   emann@mayerbrown.com
    350 South Grand Avenue, 25th Floor
3   Los Angeles, CA 90071-1503
    Telephone: (213) 229-9500
4   Facsimile: (213) 625-0248

5   MAYER BROWN LLP
    STANLEY J. PARZEN *(Admitted Pro Hac Vice)*
6   71 S. Wacker Drive
    Chicago, IL 60606-4637
7   Telephone: (312) 782-0600

8
    Attorneys for Defendant
9   CROWE HORWATH LLP

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13   SUE ANN SIMON, an individual; SUE ANN        Case No.
     SIMON TRUST, a California trust,
14                                                 California State Court Case: BC 447556
                    Plaintiffs,
15                                                 DEFENDANT CROWE HORWATH LLP'S
           v.                                      NOTICE OF REMOVAL OF ACTION
16                                                 PURSUANT TO 28 U.S.C. § 1441
     GLEN D. HINSHAW, an individual; SHERRY
17   L. HINSHAW, an individual; HINSHAW            (FEDERAL COURT JURISDICTION --
     FINANCIAL GROUP, LLC, an Arizona limited      28 U.S.C. § 1441)
18   liability company; HSL GLOBAL EQUITY,
     LLC, a Delaware limited liability company;
19   HSL FINANCIAL GROUP, LLC, an Arizona
     limited liability company; HSL CAPITAL
20   GROUP LLC, a Delaware limited liability
     company; HSL CAPITAL FUND I, LP, a
21   limited partnership; HSL INCOME
     INVESTMENTS, LLC, a Delaware limited
22   liability company; GLOBAL SWIFT
     FUNDING, LLC, an Arizona limited liability
23   company; FOOT FITTING, LLC, a Arizona
     limited liability company; CHARLES "DOC"
24   LUNDBERG, an individual; TIM IRISH, an
     individual; ARMEN KHACHADOURIAN, an
25   individual; CROWE HORWATH LLP, an
     Illinois limited liability partnership; and DOES
26   1 THROUGH 10, inclusive,

27                   Defendants.

28

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §
                                                           1334 AND 28 U.S.C. § 1452
28837204

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant Crowe Horwath LLP ("Crowe") hereby removes this action from the Superior Court of the State of California in and for the County of Los Angeles. Crowe appears for purposes of removal only and for no other purpose, reserving all defenses and rights available to it. The grounds for removal of the action are as follows:

1.    Defendant Crowe is a professional accounting firm, registered as a limited liability partnership in the state of Indiana. Crowe is one of several defendants named in an action filed in the Superior Court of the State of California in and for the County of Los Angeles, Case No. BC 447556, bearing the above caption. The complaint was filed on October 15, 2010. A true and correct copy of the complaint and the documents served therewith is attached hereto as Exhibit A.

2.    Plaintiffs Sue Ann Simon and the Sue Ann Simon Trust (collectively "Simon") allege that Defendant Glen Hinshaw ("Hinshaw") breached certain obligations owed to Simon by him. Compl. ¶ 75-88.

3.    Plaintiffs also allege that Hinshaw had a connection with Defendant Global Swift Funding LLC ("Global Swift"). Plaintiffs further allege that Defendant Crowe "issued 'a clean bill of health' in the form of an unqualified audit opinion" with respect to Defendant Global Swift at times between December 2007 and December 2009. Compl. ¶ 74.

4.    Plaintiffs assert a number of claims against Crowe and the other Defendants—including negligence, fraud, unjust enrichment, violations of the California Business Code, and (most salient for removal purposes) violations of Section 10b-5, promulgated pursuant to Section 10(b) of the Securities and Exchange Act of 1934. Compl. ¶ 102-05.

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1334 AND 28 U.S.C. § 1452

28837704

**A.     Defendant Crowe has Satisfied the Procedural Requirements For Removal**

5.     This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b).  The undersigned is informed and believes Crowe was served with a copy of the complaint on October 29, 2010.  Other than the complaint and this notice, there has been no other process, pleading, or order filed in this action.

6.     Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1446 (a).

7.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiffs and is being filed with the Superior Court of the State of California in and for the County of Los Angeles.  Copies of these documents are attached hereto as Exhibits B and C, respectively.

**B.     This Case Is Removable Under Section 1441**

8.     Pursuant to 28 U.S.C. § 1441, claims arising under federal law are removable to the district courts of the United States, which retain original jurisdiction over such claims.  The Securities and Exchange Act of 1934 (the "1934 Act") is a federal statute.  15 U.S.C. § 78a *et seq.*  As such, Plaintiffs' claims under the 1934 Act are removable.  *See, e.g., California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 92 (2nd Cir. 2004) ("Had the Bondholders asserted claims under the 1934 Act, the removal of their claims to federal court would have been uncontroversial, because claims under the 1934 Act are otherwise removable under the general removal provision of 28 U.S.C. § 1441.")

9.     In fact, federal court is the *sole* appropriate forum for Plaintiffs' claims under the 1934 Act.  By statute, "federal courts have exclusive jurisdiction over claims brought pursuant to [S]ection 10(b) of the 1934 Securities Act."  *Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir. 1983); 15 U.S.C. § 78j(b).

2

1    Moreover, because claims under the 1934 Act are to be brought exclusively in the

2    federal courts, Crowe alone can remove this case.  Unanimity is not required.  *See,*

3    *e.g., Ackerman v. National Property Analysts, Inc.*, No. 92-Civ-0022, 1992 WL

4    84477, *1 (S.D.N.Y. April 10, 1992) ("While unanimous consent of all defendants

5    is usually a precondition to removal, it is not required where the federal courts

6    have exclusive jurisdiction over a cause of action upon which removal is based.")

7          10.    This court also has supplemental jurisdiction over Plaintiffs'

8    remaining state law claims pursuant to 28 U.S.C. § 1367 (a).

9

10          WHEREFORE, Defendant Crowe Horwath LLP respectfully requests that

11   the above-captioned lawsuit, pending in the Superior Court of the State of

12   California in and for the County of Los Angeles, be removed to this court.

13

14   Dated:  November 22, 2010              MAYER BROWN LLP
                                            ELIZABETH MANN
15                                          STANLEY J. PARZEN

16

17                                   By: _Elizabeth M_____

18                                          Elizabeth Mann
                                            Attorneys for Defendant
19                                          CROWE HORWATH LLP

20

21

22

23

24

25

26

27

28

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §
1334 AND 28 U.S.C. § 1452

28837204

1

**PROOF OF SERVICE**

2

I, Cristina A. Villa, declare:

3

I am employed in Los Angeles County, California. I am over the age of eighteen years
and not a party to the within-entitled action. My business address is 350 South Grand Avenue,

4

25th Floor, Los Angeles, California 90071-1503. On November 23, 2010, I served a copy of the

5

within document(s):

6

DEFENDANT CROWE HORWATH LLP'S NOTICE TO PLAINTIFF OF FILING OF
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

7

8

X       by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at Los Angeles, California
addressed as set forth below.

9

10

Jarrett A. Green
Dheeraj K. Singhal
DCDM Law Group

11

30 N. Raymond Ave., Suite 713
Pasadena, CA 91103

12

Tel. (626) 689-2407
Fax (626) 689-2205

13

14

I am readily familiar with the firm's practice of collection and processing correspondence

15

for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

16

day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

17

motion of the party served, service is presumed invalid if postal cancellation date or postage

18

meter date is more than one day after date of deposit for mailing in affidavit.

19

I declare under penalty of perjury under the laws of the State of California that the above

20

is true and correct.

Executed on November 23, 2010, at Los Angeles, California.

21

22

_Cristina A. Villa_

23

Cristina A. Villa

24

25

26

27

28

PROOF OF SERVICE; BC447556

**EXHIBIT C**

1   MAYER BROWN LLP
    ELIZABETH MANN (SBN 106524)
2   emann@mayerbrown.com
    350 South Grand Avenue, 25th Floor
3   Los Angeles, CA  90071-1503
    Telephone:  (213) 229-9500
4   Facsimile:   (213) 625-0248

5   MAYER BROWN LLP
    STANLEY J. PARZEN (*Admitted Pro Hac Vice*)
6   71 S. Wacker Drive
    Chicago, IL  60606-4637
7   Telephone:  (312) 782-0600

8
    Attorneys for Defendant
9   CROWE HORWATH LLP

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF LOS ANGELES**

12

13  SUE ANN SIMON, an individual; SUE ANN        Case No. BC 447556
    SIMON TRUST, a California trust,
14                                               DEFENDANT CROWE HORWATH LLP'S
                         Plaintiffs,             NOTICE TO SUPERIOR COURT OF
15                                               FILING OF NOTICE OF REMOVAL OF
            v.                                   ACTION PURSUANT TO 28 U.S.C. § 1441
16
    GLEN D. HINSHAW, an individual; SHERRY       (FEDERAL COURT JURISDICTION –
17  L. HINSHAW, an individual; HINSHAW           28 U.S.C. § 1441)
    FINANCIAL GROUP, LLC, an Arizona limited
18  liability company; HSL GLOBAL EQUITY,
    LLC, a Delaware limited liability company;
19  HSL FINANCIAL GROUP, LLC, an Arizona
    limited liability company; HSL CAPITAL
20  GROUP LLC, a Delaware limited liability
    company; HSL CAPITAL FUND I, LP, a
21  limited partnership; HSL INCOME
    INVESTMENTS, LLC, a Delaware limited
22  liability company; GLOBAL SWIFT
    FUNDING, LLC, an Arizona limited liability
23  company; FOOT FITTING, LLC, a Arizona
    limited liability company; CHARLES "DOC"
24  LUNDBERG, an individual; TIM IRISH, an
    individual; ARMEN KHACHADOURIAN, an
25  individual; CROWE HORWATH LLP, an
    Illinois limited liability partnership; and DOES
26  1 THROUGH 10, inclusive,

27                       Defendants.

28

DEFENDANT CROWE HORWATH LLP'S NOTICE TO SUPERIOR COURT OF FILING NOTICE OF
REMOVAL; CASE NO. BC 447556

28837213

TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), on November 23, 2010, defendant Crowe Horwath LLP filed a Notice of Removal of Action Pursuant to U.S.C. § 1441 (Federal Court Jurisdiction – 28 U.S.C. § 1441) in the United States District Court for the Central District of California, Western Division.

A true and correct copy of the Notice of Removal (without exhibits) is attached as Exhibit A and incorporated by reference.

Dated:  November 23, 2010

MAYER BROWN LLP
ELIZABETH MANN
STANLEY J. PARZEN


By: _____

Elizabeth Mann
Attorneys for Defendant
CROWE HORWATH LLP

**EXHIBIT A**

1  MAYER BROWN LLP
   ELIZABETH MANN (SBN 106524)
2  emann@mayerbrown.com
   350 South Grand Avenue, 25th Floor
3  Los Angeles, CA  90071-1503
   Telephone:  (213) 229-9500
4  Facsimile:   (213) 625-0248

5  MAYER BROWN LLP
   STANLEY J. PARZEN (Admitted Pro Hac Vice)
6  71 S. Wacker Drive
   Chicago, IL  60606-4637
7  Telephone: (312) 782-0600

8
   Attorneys for Defendant
9  CROWE HORWATH LLP

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  SUE ANN SIMON, an individual; SUE ANN      Case No.
    SIMON TRUST, a California trust,
14                                             California State Court Case:  BC 447556
                      Plaintiffs,
15                                             DEFENDANT CROWE HORWATH LLP'S
         v.                                    NOTICE OF REMOVAL OF ACTION
16                                             PURSUANT TO 28 U.S.C. § 1441
    GLEN D. HINSHAW, an individual; SHERRY
17  L. HINSHAW, an individual; HINSHAW         (FEDERAL COURT JURISDICTION –
    FINANCIAL GROUP, LLC, an Arizona limited   28 U.S.C. § 1441)
18  liability company; HSL GLOBAL EQUITY,
    LLC, a Delaware limited liability company;
19  HSL FINANCIAL GROUP, LLC, an Arizona
    limited liability company; HSL CAPITAL
20  GROUP LLC, a Delaware limited liability
    company; HSL CAPITAL FUND I, LP, a
21  limited partnership; HSL INCOME
    INVESTMENTS, LLC, a Delaware limited
22  liability company; GLOBAL SWIFT
    FUNDING, LLC, an Arizona limited liability
23  company; FOOT FITTING, LLC, a Arizona
    limited liability company; CHARLES "DOC"
24  LUNDBERG, an individual; TIM IRISH, an
    individual; ARMEN KHACHADOURIAN, an
25  individual; CROWE HORWATH LLP, an
    Illinois limited liability partnership; and DOES
26  1 THROUGH 10, inclusive,

27                    Defendants.

28

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §
                                          1334 AND 28 U.S.C. § 1452

28937204

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant Crowe Horwath LLP ("Crowe") hereby removes this action from the Superior Court of the State of California in and for the County of Los Angeles. Crowe appears for purposes of removal only and for no other purpose, reserving all defenses and rights available to it. The grounds for removal of the action are as follows:

1.   Defendant Crowe is a professional accounting firm, registered as a limited liability partnership in the state of Indiana. Crowe is one of several defendants named in an action filed in the Superior Court of the State of California in and for the County of Los Angeles, Case No. BC 447556, bearing the above caption. The complaint was filed on October 15, 2010. A true and correct copy of the complaint and the documents served therewith is attached hereto as Exhibit A.

2.   Plaintiffs Sue Ann Simon and the Sue Ann Simon Trust (collectively "Simon") allege that Defendant Glen Hinshaw ("Hinshaw") breached certain obligations owed to Simon by him. Compl. ¶ 75-88.

3.   Plaintiffs also allege that Hinshaw had a connection with Defendant Global Swift Funding LLC ("Global Swift"). Plaintiffs further allege that Defendant Crowe "issued 'a clean bill of health' in the form of an unqualified audit opinion" with respect to Defendant Global Swift at times between December 2007 and December 2009. Compl. ¶ 74.

4.   Plaintiffs assert a number of claims against Crowe and the other Defendants—including negligence, fraud, unjust enrichment, violations of the California Business Code, and (most salient for removal purposes) violations of Section 10b-5, promulgated pursuant to Section 10(b) of the Securities and Exchange Act of 1934. Compl. ¶ 102-05.

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1334 AND 28 U.S.C. § 1452

**A.**   **Defendant Crowe has Satisfied the Procedural Requirements For Removal**

5.    This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b).  The undersigned is informed and believes Crowe was served with a copy of the complaint on October 29, 2010.  Other than the complaint and this notice, there has been no other process, pleading, or order filed in this action.

6.    Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1446 (a).

7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiffs and is being filed with the Superior Court of the State of California in and for the County of Los Angeles.  Copies of these documents are attached hereto as Exhibits B and C, respectively.

**B.**   **This Case Is Removable Under Section 1441**

8.    Pursuant to 28 U.S.C. § 1441, claims arising under federal law are removable to the district courts of the United States, which retain original jurisdiction over such claims.  The Securities and Exchange Act of 1934 (the "1934 Act") is a federal statute. 15 U.S.C. § 78a *et seq.*  As such, Plaintiffs' claims under the 1934 Act are removable. *See, e.g., California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 92 (2nd Cir. 2004) ("Had the Bondholders asserted claims under the 1934 Act, the removal of their claims to federal court would have been uncontroversial, because claims under the 1934 Act are otherwise removable under the general removal provision of 28 U.S.C. § 1441.")

9.    In fact, federal court is the *sole* appropriate forum for Plaintiffs' claims under the 1934 Act.  By statute, "federal courts have exclusive jurisdiction over claims brought pursuant to [S]ection 10(b) of the 1934 Securities Act." *Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir. 1983); 15 U.S.C. § 78j(b).

2

1    Moreover, because claims under the 1934 Act are to be brought exclusively in the

2    federal courts, Crowe alone can remove this case.  Unanimity is not required.  *See,*

3    *e.g., Ackerman v. National Property Analysts, Inc.*, No. 92-Civ-0022, 1992 WL

4    84477, *1 (S.D.N.Y. April 10, 1992) ("While unanimous consent of all defendants

5    is usually a precondition to removal, it is not required where the federal courts

6    have exclusive jurisdiction over a cause of action upon which removal is based.")

7        10.   This court also has supplemental jurisdiction over Plaintiffs'

8    remaining state law claims pursuant to 28 U.S.C. § 1367 (a).

9

10        WHEREFORE, Defendant Crowe Horwath LLP respectfully requests that

11   the above-captioned lawsuit, pending in the Superior Court of the State of

12   California in and for the County of Los Angeles, be removed to this court.

13

14   Dated:  November 22, 2010              MAYER BROWN LLP
                                            ELIZABETH MANN
15                                          STANLEY J. PARZEN

16
                                           By:
17
                                           Elizabeth Mann
18                                         Attorneys for Defendant
                                           CROWE HORWATH LLP
19

20

21

22

23

24

25

26

27

28

DEFENDANT CROWE HORWATH LLP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §
1334 AND 28 U.S.C. § 1452

28837704

1

**PROOF OF SERVICE**

2

I, Cristina A. Villa, declare:

3

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue,

4

25th Floor, Los Angeles, California  90071-1503.  On November 23, 2010, I served a copy of the

5

within document(s):

6

DEFENDANT CROWE HORWATH LLP'S NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

7

8

    X       by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

9

10

Jarrett A. Green
Dheeraj K. Singhal
DCDM Law Group

11

30 N. Raymond Ave., Suite 713
Pasadena, CA  91103

12

Tel.  (626) 689-2407
Fax  (626) 689-2205

13

14

I am readily familiar with the firm's practice of collection and processing correspondence

15

for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

16

day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

17

motion of the party served, service is presumed invalid if postal cancellation date or postage

18

meter date is more than one day after date of deposit for mailing in affidavit.

19

I declare under penalty of perjury under the laws of the State of California that the above

20

is true and correct.

21

Executed on November 23, 2010, at Los Angeles, California.

22

23

Cristina A. Villa

24

25

26

27

28

PROOF OF SERVICE; BC447556

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 9062 PA (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SUE ANN SIMON, an individual; SUE ANN SIMON TRUST, a California trust, | GLEN D. HINSHAW, an individual; SHERRY L. HINSHAW, an individual; HINSHAW FINANCIAL GROUP, LLC, an Arizona limited liability company; HSL GLOBAL EQUITY, LLC, a Delaware limited liability company; |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| DCDM LAW GROUP, JARRET A. GREEN, DHEERAJ K. SINGHAL 30 N. Raymond Ave., Suite 713 Pasadena, CA 91103 Tel: (626) 689-2407, Fax: (626) 689-2205 | MAYER BROWN LLP ELIZABETH MANN (SBN 106524) 350 South Grand Avenue, 25th Floor Los Angeles, CA 90071-1503 Tel: (213) 229-9500, Fax: (213) 625-0248 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FEDERAL COURT JURISDICTION – 28 U.S.C. § 1441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☑ 850 Securities/Commodities/ Exchange | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV 10   9062

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff SUE ANN SIMON resides in Los Angeles County; Plaintiff SUE ANN SIMON TRUST resides in Los Angeles County. | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant CROWE HORWATH LLP resides in Los Angeles County. | See attached sheet. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Each claim arose in Los Angeles County. | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Elizabeth Mann_     Date November 23, 2010
　　　　　　　　　　　　　　　　　　　BY F.o.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## IX. VENUE

**(b)**

**California County outside of this District; State, if other than California; or Foreign Country**

Defendant GLEN D. HINSHAW residence unknown;
Defendant SHERRY L. HINSHAW residence unknown;
Defendant HINSHAW FINANCIAL GROUP, LLC residence unknown;
Defendant HSL GLOBAL EQUITY, LLC residence unknown;
Defendant HSL FINANCIAL GROUP, LLC residence unknown;
Defendant HSL CAPITAL GROUP LLC residence unknown;
Defendant HSL CAPITAL FUND I, LP residence unknown;
Defendant HSL INCOME INVESTMENTS, LLC residence unknown;
Defendant GLOBAL SWIFT FUNDING, LLC residence unknown;
Defendant FOOT FITTING, LLC residence unknown;
Defendant CHARLES "DOC" LUNDBERG residence unknown;
Defendant TIM IRISH residence unknown;
Defendant ARMEN KHACHADOURIAN residence unknown.